ORANGE FERRIS *v.* DARIUS S. BARLOW.

FRANKLIN,
*January,*
1838.

When a judgment has been rendered for the defendant, by the County Court, on a demurrer to the plea of the statute of limitation and such judgment affirmed, on exceptions, by the Supreme Court, it is not a ground for setting aside the judgment, or granting a new trial on petition, that defendant after the rendition of the final judgment, promised to pay a part or all of the plaintiff's demand. If plaintiff has any remedy, it must be by an action on the new promise.

A petition for a new trial, in such a case, cannot be sustained under our statute.

THIS was a petition to this court, for a new trial.

The petitioner, Orange Ferris, alleged that, at the April Term of Franklin County Court, 1835, he entered in that court a suit in his favor, and against Darius S. Barlow, declaring upon a judgment recovered at the September Term, of said county court, 1824, in favor of said Orange, and against the said Darius, for $320,28, damages, and $6, 91 costs, to which declaration the said Darius pleaded the statute of limitations, and the said Orange replied, in substance, that he prayed out a writ of execution, on the said judgment, against the said Darius, for the said damages and costs; that the said Darius was, by virtue of said writ, legally committed to the common gaol in Franklin County; that after his commitment, he preferred his petition ro the jail commissioners of said county, setting forth the cause of his commitment, and praying to be discharged, under the act for the relief of poor debtors; that a citation issued thereon to said Orange, to appear before said commissioners, on the first day of September, 1826, and show cause why the said Darius should not be discharged from imprisonment; that afterwards, at the time and place appointed for a hearing in the premises, the said Darius was, by said commissioners, examined, touching his property, and legally discharged from his said imprisonment; that said Darius demurred to said replication, whereupon, the said county court adjudged the replication sufficient in law, and the said Darius, appealed from the decision of the said county court, to the supreme Court in said county; that at the January Term of said supreme court, 1836, the cause was heard, and a judgment rendered therein by said supreme court, that the said replication was insufficient, and that said Darius recover his costs.

The said Orange further alleged, that since the rendition of the said judgment in said supreme court, he had discovered new and material evidence, which was unknown to him at the time of the rendition of said last mentioned judgment, &c.

It appeared from the affidavit of Samuel Barlow, that said Orange was nominal plaintiff in the suit, and that the said Samuel owned the debt. It also appeared, from the affidavit of Samuel H. Barlow, that within the last four years, but the exact time he could not recollect, he had a conversation with said Darius relating to said judgment, and in that conversation the said Darius admitted that said judgment was justly due and unpaid, and said he would pay it as soon as he could; that it ought to have beed paid before, and should be paid before long, and remarked, that he had paid fifty dollars a few days before.

It further appeared, from the affidavit of Elisha A. Woodruff, that witness and Darius S. Barlow, were at the house of Samuel Barlow, in October, 1836 ; that soon after their arrival, Darius S. Barlow said to Samuel Barlow, " I want to see you in another room." They both immediately left the barroom, and, after being absent a short time, returned together. D. S. Barlow then asked Woodruff to lend him fifty dollars, to pay to his uncle Samuel Barlow. Woodruff lent him the money, and it was handed to Samuel Barlow, after which Darius Barlow said that he and his uncle Samuel, had settled, and that he was to give him $200 or $250, but which of the sums witness could not recollect; that the said Darius and Samuel had further conversation, in the course of which, the said Darius told his uncle Samuel, to tell his wife that they had settled, and that he wished to visit them on as familiar terms, as he formerly had done.

*S. S. Brown, & H. R. Beardsley*, for petitioner.

This cause was tried on demurrer to the plaintiff's replication.

The cause having turned on a question of law, does not preclude the party from having a new trial, for new discovered evidence.

The question, determined in the case, grew out of the pleadings. The facts are, therefore, a matter of record, and there is no necessity of furnishing a certificate of the judge,

setting forth so much of the former trial, as will show the re-
levancy of new discovered evidence.

The court has granted new trials after a default, when
the rule must have been dispensed with, as there had been
no trial in the case. *Burnam et al.* v. *Brewster,* 1 Vt. R.
87. And the court will grant such new trial, even where the
facts, testified to by the witnesses, transpired after the de-
fault was entered.

Every application for a new trial is an appeal to the sound
discretion of the court, and though the law has prescribed
general rules for the regulation of that discretion, yet each
individual case must, in a great measure, stand upon its own
merits. *Mears* v. *Brownell,* 2 Aikens' R. 407.

The new discovered evidence shows a strong case for the
exercise of the discretion of the court, in behalf of the pe-
titioner. It shows a direct acknowledgment of the debt,
and a promise to pay it.

*Smith & Aldis,* for petitionee.

1. The testimony of Woodruff shows a *settlement* between
the parties, since the judgment at the January Term, 1836,
and the payment of $50, in accordance with the settlement.
The judgment is, therefore, discharged, by agreement of
parties.

2. The depositions of Woodruff and S. H. Barlow, taken
together, show an existing indebtedness, not upon the old
judgment, but upon settlement of all accounts. The action
should be upon the new promise.

3. The testimony relied on is new made, not new disco-
vered. At the time of suing out the judgment the plaintiff
had no cause of action, for the statute of limitation had run
on the judgment, and there was no new promise.

The opinion of the Court was delivered by

WILLIAMS, C. J.—The petitioner must ground his claim
for a new trial, on the fact of his having discovered new and
material evidence, since the former trial, or the petition
would be out of time, more than one year having elapsed
since the rendition of the original judgment. The court
have not been disposed to favor applications, on this ground,
where there have been several trials, as there may be under
our system. In the present case, there are several strong
reasons why the application should be refused. It appears
that the original action was debt on judgment, to which the

defendant, D. S. Barlow pleaded the statute of limitation. There was a replication to this, which was demurred to, and the cause was heard and decided upon the demurrer, both in the county court and in this court. If the prayer of the petitioner could be granted in such a case, it could be of no avail, unless the county court should permit the petitioner to withdraw his replication and reply anew. It would be anticipating more than we can with propriety, to say that this would be done by the county court.

Before a final judgment is entered on a demurrer, leave has been given on payment of costs, to alter the pleadings, but we are not aware that it ever has been, or can be done, at a time after a final judgment has been entered.

But there are no merits in the application.

The affidavits do not disclose any acknowledgment of the debtor prior to the judgment, which would have prevented the operation of the statute of limitations. The promises of the petitionee, D. S. Barlow, which are relied on, were founded on the idea that he was legally discharged from any claim on the debt, and were made subsequent to the judgment, and with a view of preserving peace and harmony between him and the family of his uncle. The conversation testified to by Mr. Woodruff, was in October, 1836, nine months after the final judgment in this court. Samuel H. Barlow is not so definite as to the time. He says that within four years he has had conversations with Darius S. Barlow, in which Darius acknowledged the justness of the debt, but it is apparent from his affidavit, that this conversation was but a short time after the payment of the fifty dollars, in October 1836, as sworn to by Mr. Woodruff. The promise of the defendant, whatever it was, if founded upon a legal consideration, must be enforced by an action thereon, but there would be injustice in giving to these conversations, which, as stated in the affidavits, were evidently made to sustain the friendly relation, existing in the families of the parties, any greater effect than was intended, and, especially, it would be unjust to set aside the judgment, and leave the parties to litigate the merits of the original claim, or to make the defendant liable on the promise for the whole amount of the judgment originally recovered in the name of the petitioner.

The petition must, therefore be dismissed with costs,